# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CATHY NICHOLS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CA 20-0475-JB-MU |
| ANDREW SAUL,<br>Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Unopposed Motion for Entry of Judgment with Remand pursuant to sentence four of 42 U.S.C. § 405(g), filed on April 30, 2021.[1] (Doc. 16). His motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72(a)(2)(S) for appropriate action. In his motion, Defendant represents that it is his belief that this case should be remanded to the Commissioner of Social Security for further consideration of the evidence regarding Plaintiff's impairments. The plain language of sentence four of 42 U.S.C. § 405(g) empowers this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

Accordingly, the undersigned Magistrate Judge hereby **RECOMMENDS** that Defendant's motion (Doc. 16) be **GRANTED,** and the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to

---

[1] The Commissioner represents that counsel for Plaintiff has no opposition to this motion. (Doc. 16 at p. 1).

sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this recommendation.

The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R .CIV. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

**DONE** this the **3rd** day of **May, 2021**.

                                               s/P. BRADLEY MURRAY
                                        **UNITED STATES MAGISTRATE JUDGE**