IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CATHY NICHOLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 20-0475-JB-MU ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

This cause is before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 20). Plaintiff's motion has been referred to the undersigned Magistrate Judge for a report and recommendation. Defendant does not oppose Plaintiff's motion. (Doc. 21). Upon consideration of all pertinent materials contained in this file, it is recommended that Plaintiff should receive a reasonable attorney's fee in the amount of $2,015.81 under the EAJA for legal services rendered by her attorney in this Court. *See Astrue v. Ratliff*, 560 U.S. 586, 592 & 593 (2010); *Brown v. Astrue*, 271 F. App'x 741, 743 (10th Cir. 2008).

## **FINDINGS OF FACT**

On May 17, 2021, this Court entered a judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Docs. 18, 19). The motion for an award of attorney's fees under the EAJA was filed on June 17, 2021 (Doc. 20), thirty-one (31) days after

entry of judgment. In the motion, Plaintiff requests attorney's fees in the amount of $2,015.81 to compensate her attorney for the time (9.75 hours) spent representing her before this Court as of the date of the filing of the fee application. (Doc. 20 at p. 1).

## **CONCLUSIONS OF LAW**

The Equal Access to Justice Act requires a district court to "award to a prevailing party … fees and other expenses … incurred by that party in any civil action …, including proceedings for judicial review of agency action, brought by or against the United States …, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Having won a sentence-four remand, Plaintiff is a prevailing party under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Court also finds that the position of the United States in this case was not substantially justified, as the government has not filed a response arguing otherwise.

The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). A judgment reversing and remanding a social security decision becomes final at the end of the sixty (60) day period provided for appeal under Rule 4(a)(1) of the Federal Rules of Appellate Procedure. *See Schaefer*, 509 U.S. at 302. The motion in this case was timely because it was filed within the required thirty (30) day period after final judgment.

The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (applying

2

§ 1988), *quoted in Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (applying EAJA); *see also Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." … Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley,* 461 U.S. at 433-434 (citations omitted); *see also id.* at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Hous. Auth. of City of Montgomery*, 836

F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

The Court must also keep in mind that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman,* 836 F.2d at 1306. Because Defendant does not object to Plaintiff's EAJA application and because Plaintiff's itemized statement of the time spent on prosecuting this case appears to be proper based on the Court's experience, the Court finds that Plaintiff's counsel reasonably spent 9.75 hours on legal tasks in this case.

With respect to a determination of the hourly rate to apply in an EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that … attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

4

> The first step in the analysis, … is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." … The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id*. at 1033-1034 (citations and footnote omitted).

For years, the prevailing market rate in the Southern District of Alabama was $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C, 2001 WL 530498, *6 (S.D. Ala. May 4, 2001); *Robinson v. Massanari,* 00-0862-RV-C, 2001 WL 1580208, *3 (S.D. Ala. Nov. 6. 2001). However, this Court has adjusted that rate to account for the increase in the cost of living. *Leggett v. Astrue,* CA 07-0421-KD-C, 2008 WL 697734, *3 (S.D. Ala. Mar. 13, 2008) (citing *Lucy v. Barnhart*, CA 06-0147-C, Doc. 32). "More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: ($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint)/ 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted." *Id*. (internal quotation marks and citations omitted). The temporal midpoint in this case was January 16, 2021, the complaint having been prepared and filed on September 18, 2020, and the Court having entered its order and judgment on May 17, 2021. (Docs. 1, 18, 19). The CPI-U for January of 2021 was 252.067. Plugging the relevant numbers into the foregoing formula renders the following equation: $125x252.067/152.4 = $206.75.

Based on the foregoing, it is recommended that Plaintiff be awarded an attorney's fee in the amount of $2,015.81 under the EAJA for the 9.75 hours her

5

attorney spent performing work traditionally performed by attorneys in social security cases.

## CONCLUSION

The undersigned **RECOMMENDS** that Plaintiff be awarded attorney's fees in the amount of $2,015.81 under the Equal Access to Justice Act, representing compensation for 9.75 hours of service by William T. Coplin, Jr., at the cost-of-living-adjusted rate of $206.75.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R .CIV. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **17th** day of **June, 2021**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**
